



# MEMORANDUM OPINION

No. 04-10-00086-CR

Jolinda **SALAZAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 11,056-CR
The Honorable Enrique Fernandez, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:  November 10, 2010

AFFIRMED

Appellant, Jolinda Salazar, was charged with aggravated assault with a deadly weapon, but the jury found her guilty of the lesser-included offense of assault causing bodily injury. The trial court assessed punishment at eight months' confinement and a $1000.00 fine. In two issues on appeal, appellant challenges the legal sufficiency of the evidence in support of the jury's verdict and the trial court's denial of her motion for a directed verdict. We affirm.

**DISCUSSION**

A motion for a directed verdict is a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Therefore, we review both of appellant's issues on appeal under the same standard. We review the legal sufficiency of the evidence by determining whether, after considering all the evidence in the light most favorable to the verdict, a jury was rationally justified in finding guilt beyond a reasonable doubt. *See Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8, 14 (Tex. Crim. App. Oct. 6, 2010).

Officer Gabriel Soriano, with the City of Del Rio Police Department, was called to a scene at the El Tacayo Bar in the early evening hours on February 17, 2007. When he arrived he saw two women standing outside the bar, one of whom was the complainant Maria Villareal. He said Villareal was "crying, hurting" and she had multiple injuries, to her eye, face, and lower neck. After calling for EMS, Soriano's investigation revealed Villareal had been assaulted inside the bar by Eleno Balboa and appellant, Jolinda Salazar, both of whom had fled the scene. Once inside the bar, Soriano discovered a broken pool stick and that the felt on the pool table was wet from alcohol as if someone had thrown or dropped a drink. Later tests did not reveal any fingerprints or blood on the pool stick. Soriano spoke to several people inside the bar, none of whom saw anything. During the investigation, another police officer saw Balboa drive by the bar. This officer followed the car and stopped it about one block away. Balboa and appellant were inside the car and were arrested.

Villareal testified she was playing pool with two other people when Balboa and appellant arrived at the bar. Balboa said something to Villareal that she did not hear, so she stepped closer to him and he said "you owe me money." When Villareal said "what are you talking about," Balboa hit her in the face with a beer bottle. Villareal then felt "a couple of hits" on her neck

and, as she turned, appellant tugged Villareal's hair and started to hit her again with the pool stick. At this point they both lost their balance and fell to the floor. Villareal said she could hear the bartender yelling "let her go."[1] When the police arrived and Villareal said she wanted to press charges, she hand-wrote a statement in which she stated "he" hit her with a pool stick. At trial, Villareal said she meant to write "she," and she explained her handwriting was messy because she used the hood of the police car to write her statement, it was dark and cold outside, and she was shivering.

After reviewing the record, we conclude this evidence is legally sufficient to support the jury's verdict; therefore, the trial court did not err in denying appellant's motion for a directed verdict.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish

---

[1] The bartender did not testify because she was out of state.